UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DWAYNE HOUGH,

                     Plaintiff,

     -against-

PATRICK J. RYDER, Nassau County Police
Commissioner, *et al.*,

                    Defendants.
------------------------------------------------------------------X

FILED
CLERK
1/29/2026 3:45 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
25-CV-6642 (GRB)(ST)

**GARY R. BROWN, United States District Judge:**

On November 24, 2025, Dwayne Hough ("Plaintiff"), proceeding *pro se*, filed a Complaint while incarcerated at the Franklin Correctional Facility naming Nassau County Police Commissioner Patrick J. Ryder ("Ryder"), Nassau County Police Officer Ryan Hayden ("Hayden"), and thirteen unidentified Nassau County police officers named as "John Doe #1-13" ("Does" and, with Ryder and Hayden, "Defendants"). (Docket Entry ("DE") 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP") and the required Prisoner Litigation Authorization form ("PLA"). (*See* DE 2-3.) Upon review, the Court finds that Plaintiff is qualified by his reported financial position to proceed IFP. Accordingly, the application to proceed IFP (DE 2) is granted. For the reasons that follow, Plaintiff's claims against Ryder and Plaintiff's deliberate indifference claims relating to his medical care are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's remaining claims shall proceed as set forth below.

## BACKGROUND

**I. Summary of the Complaint**

Plaintiff alleges that, during his arrest on November 21, 2022, Hayden "punched and

kicked" Plaintiff while Plaintiff's hands were handcuffed behind his back. (*See* DE 1 at 5.)[1] Plaintiff describes that Hayden "forcibly squeeze[d] the handcuff on my right hand, tearing my ligaments." (*Id*.) According to the Complaint, "[a]t least 13 other Nassau County Police Officers, namely John Doe #1-13 merely watched." (*Id*.) Plaintiff claims that, as a result of the alleged assault, he has "limited use of my right hand and I am permanently disfigured and disabled." (*Id*.)  Plaintiff claims that he has

> submitted numerous medical slips whilst incarcerated at Nassau County Correctional Center, which went ignored, along with a multitude of grievances addressing the injuries suffered from the arrest. Throughout my incarceration . . . I received physical therapy which did nothing to remedy my torn ligaments.

(*Id.*)

With regard to Ryder, Plaintiff alleges: "Commissioner Patrick J. Ryder's supervising role and authority makes him responsible party, as his negligent behavior allowed for my pain and suffering" (*Id*.) As a result, Plaintiff brings federal claims of excessive force and for deliberate indifference under the Eighth Amendment as well as state law tort claims. (*Id.* at 4.) For relief, Plaintiff seeks to recover a damages award in the total sum of $4 million. (*Id*. at 6.)

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for IFP status and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

---

[1] Excerpts from the complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

## I.   *In Forma Pauperis*

Upon review of the renewed IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP (DE 2) is granted.

## II.   **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).   The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).   Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).   While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

**I.     Section 1983 Claims**

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.

Here, the Complaint does not allege a plausible Section 1983 claim as against Ryder because, as the Second Circuit has made clear, "there is no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 618 (2d Cir. Dec. 28, 2020). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id*. at 620. In the absence of any such allegations, Plaintiff's Section 1983 claim against Ryder[2] is not plausible and is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[2] Nor is Ryder, as the Nassau County Police Commissioner, responsible for the medical care at the Nassau County

4

Similarly, the Complaint does not allege plausible deliberate indifference claims (whether brought under the Eighth Amendment or the Fourteenth Amendment) because both amendments involve a two-pronged test that requires showing an "objective deprivation" with the requisite "*mens rea*," *Darnell v. Pineiro*, 849 F.3d 17, 32, 35 (2d Cir. 2017). To satisfy the first prong, often framed as the "objective prong," both amendments "require[] a showing that the challenged conditions were sufficiently serious such 'that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" *Volant v. Nassau Cnty.*, No. 2:24-cv-7882, 2025 WL 580367, at *3 (E.D.N.Y. Feb. 23, 2025) (quoting the discussion of Eighth and Fourteenth Amendment conditions of confinement claims in *Darnell*, 849 F.3d at 30). "There is no static test to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (internal quotation marks and citation omitted).

As for the *mens rea* prong, the Eighth Amendment requires a showing "that a prison official had the requisite 'culpable intent,' which is present if the official 'has knowledge that [a prisoner] faces a substantial risk of serious harm *and* he disregards that risk by failing to take reasonable measures to abate the harm.'" *Smith v. New York State,* No. 23-cv-6601, 2024 WL 4746554, at *2 (2d Cir. Nov. 12, 2024) (summary order) (*quoting Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)) (emphasis in original). As such, "mere negligence will not suffice." *Id.* By contrast, under the Fourteenth Amendment, the *mens rea* prong requires showing that the defendant-official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition . . . even

---

Correctional Center.

5

though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. "In other words, the . . . 'mens rea prong' . . . is defined objectively" under the Fourteenth Amendment. *Id.*

Here, Plaintiff's sparse allegations relating to the sufficiency of the medical care for his ligament injury do not demonstrate that either prong is met whether Plaintiff's conditions of confinement claim is brought under either the Eighth Amendment or the Fourteenth Amendment. Thus, Plaintiff's deliberate indifference claim is not plausible and is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

However, given that the alleged excessive force occurred during Plaintiff's arrest, such claims would arise under the Fourteenth Amendment's objective "knew or should have known" standard. Given the allegation that the Does "merely watched" as Hayden assaulted Plaintiff, the Court declines to dismiss these claims as against the Does at this early stage. Accordingly, the Court orders service of the summonses and Complaint upon Hayden and the Does by the United States Marshal Service in accordance with 28 U.S.C. § 1915(d).

However, given that the identities of the Does are unknown to Plaintiff at this time, the Court requests, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), that the Nassau County Attorney ascertain the full names and service addresses of the individuals involved in the events alleged in the Complaint. (*See* DE 1.) To be clear and for the avoidance of any doubt, the Nassau County Attorney shall provide the identity and contact information for any individual(s) involved in Plaintiff's arrest, regardless of the date. Accordingly, the Clerk of the Court shall serve a copy of the Complaint together with this Order on the Nassau County Attorney, and the Nassau County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can

be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

The Nassau County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the Plaintiff may name and properly serve these defendants as instructed by the Second Circuit in *Valentin*. Once the information is provided to the Court by the Nassau County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of these defendants, a summons shall be issued to each defendant, and the USMS shall effect service.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to also serve a copy of this Order to Plaintiff at his address of record and to note service on the docket. In addition, the Clerk of the Court shall serve a copy of the Complaint together with this Order on the Nassau County Attorney, and the Nassau County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

**SO ORDERED**.

/s/ Gary R. Brown

_____
**GARY R. BROWN**
**United States District Judge**

Dated: January 29, 2026
Central Islip, New York

7